SAUFLEY, C.J.,
with whom GORMAN, J., joins, concurring.
[¶ 17] I concur in the Court’s opinion and write separately to make clear that we vacate the judgment because it appears that the trial court misapprehended a legal standard and not, as the dissent suggests, because we disagree with the trial court’s findings of fact. Indeed, as the Court has noted, the trial court has not yet made a key factual finding.
[¶ 18] The confusion in defining “exceptional circumstances” may have been caused by our own use of multiple terms to describe a single concept. As we noted in Pitts v. Moore, the adjectives “urgent,” “compelling,” and “exceptional” are all “intended to address the heightened interest the State must present before it may interfere in a parent’s right to raise a child.” 2014 ME 59, ¶ 12 n. 3, 90 A.3d 1169. We have further elucidated this heightened interest by explaining that the government may infringe on a parent’s fundamental liberty interest if a failure to do so would “substantially and negatively” affect the child’s life, id. ¶ 29 (plurality opinion), meaning that a failure of the government to act would have a “dramatic, and even traumatic, effect upon the child’s well-being.” Rideout v. Riendeau, 2000 ME 198, ¶26, 761 A.2d 291. Although we .have articulated different formulations of what circumstances would constitutionally support an infringement on a parent’s liberty interest to protect a child’s well-being, these formulations all describe a unified concept related to the specific child before the court.
[¶ 19] In the matter at issue here, it appears from the judgment that the trial court understood the law to require it to determine whether Kelley had established “exceptional circumstances sufficient to allow the court to interfere” with parental rights, Pitts, 2014 ME 59, ¶27, 90 A.3d 1169, by evaluating whether the circumstances were unusual in the world at large. The dissent appears to understand the law similarly. We have, however, consistently interpreted the term “exceptional eircum- *933 stances” to mean instead circumstances that are exceptional as to the individual child. Id. Thus, to prove the existence of “exceptional circumstances,” Kelley was required to prove by clear and convincing evidence that the child would be harmed by Kelley’s removal from his life and that the harm to this specific child would “substantially and negatively” affect the child’s life, id. ¶ 29 (plurality opinion), meaning that Kelley’s absence would have a “dramatic, and even traumatic, effect upon the child’s well-being,” Rideout, 2000 ME 198, ¶ 26, 761 A.2d 291. Because the trial court found that many children may suffer similar harm,- it did not reach findings with respect to the specific impact on this child.[4] Although confusion may have arisen from our language describing this critical aspect of the intersection of a parent’s liberty interest with the State’s interest in protecting the child from harm, with the clarity of the Court’s decision today, the trial court should be able to apply the law to the facts developed at trial.
[¶ 20] To be clear, if, on remand, the court finds that Kelley has failed to prove that this child’s life would be “substantially and negatively affected” such that the removal of Kelley from the role of a “permanent, unequivocal, committed, and responsible” parent, Pitts, 2014 ME 59, ¶ 29, 90 A.3d 1169 (plurality opinion), would have a “dramatic, and even traumatic, effect upon the child’s well-being,” Rideout, 2000 ME 198, ¶ 26, 761 A.2d 291, we will affirm that determination unless the evidence compels a contrary finding, Carter v. Williams, 2002 ME 50, ¶ 9, 792 A.2d 1093. Here, however, we have identified a possible misapprehension of the law. We must, therefore, vacate the judgment and allow the trial court, on remand, to reach findings of fact applying the proper legal standard as we have clarified it today. Because it is the role of the trial court to decide the facts in the first instance, we should not make assumptions about those factual findings where a misapprehension of the law exists.

. We would certainly not say that, because many children suffer harm at the hands of drug addicted parents, the harm suffered by an individual child is unexceptional.